# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| ERROL EDWARD DECKER,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. CARR,<br><br>    Defendant. | No. C05-0101-LRR<br><br>INITIAL REVIEW ORDER |

## I. INTRODUCTION

This matter is before the court on the plaintiff's application to proceed in forma pauperis. The plaintiff submitted such application on June 17, 2005. Along with his application, the plaintiff submitted a complaint. On June 23, 2005, the court ordered the plaintiff to submit a certified copy of his inmate account statement. The plaintiff complied with the court's order on June 30, 2005. On July 13, 2005 and July 19, 2005, the plaintiff supplemented his complaint.

Based on the application and certificate of inmate account, in forma pauperis status shall be granted. 28 U.S.C. § 1915. The Clerk of Court shall file the complaint without the prepayment of the filing fee. Given his current financial status, the plaintiff shall not be required to submit an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Nonetheless, the plaintiff shall submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $250.00 filing fee is paid. 28 U.S.C. § 1915(b)(2). *See also* 28 U.S.C. § 1914(a) (requiring $250.00 filing fee). The agency having custody of the plaintiff shall forward payments from his inmate account to the Clerk of Court each

time the amount in the account exceeds $10 until the filing fee is paid. 28 U.S.C. § 1915(b)(2).

## II. THE PLAINTIFF'S COMPLAINT

Currently confined at the Linn County Correctional Center in Cedar Rapids, Iowa, the plaintiff, proceeding pro se, submitted a complaint under 42 U.S.C. § 1983 to redress the alleged deprivation of his constitutional rights. Jurisdiction is predicated on 28 U.S.C. § 1343(a)(3). Under 28 U.S.C. § 1391(b), venue appears proper as some of the defendants are located in this district and the events giving rise to the instant action occurred in this district.

In his complaint, the plaintiff states:

> On May 31, 2004, I was moved to a medical isolation cell. The next following day on June 1st 2005, I was seen by the nurse. Psych nurse, she sees no problem to release me (due to Michael J. Carr, I was not release) I waited for the following week on June 8th 2005 I was seen by a psychiatry doctor. He said he sees no reason for me to be in medical segregation cell and see for me to be release. Mr. Michael J. Carr once again would not release me from medical isolation. Then I filed a inmate grievance on Michael J. Carr, Jail Administrator. I never at this time got no reply but was moved out on June 13, 2005.

For the alleged deprivation of his rights, the plaintiff seeks:

> Monetary judgment and that this not happen to other inmates here at the Linn County Jail because it has.

In his July 13, 2005 supplement, the plaintiff includes additional information regarding his attempts at utilizing the grievance procedure available to him. In his July 19, 2005 supplement, the plaintiff claims he lost an hour of recreation time each day during the two weeks he spent in medical segregation.

### III. DISCUSSION

#### A. Standard of Review

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). Accordingly, a court may review the complaint and dismiss sua sponte those claims that are premised on meritless legal theories or that clearly lack any factual basis. *See id. See also Denton v. Hernandez*, 504 U.S. 25, 27, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).

#### B. Overview of Civil Rights Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685, 98 S. Ct.

2018, 56 L. Ed. 2d 611 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S. Ct. 1905, 60 L. Ed. 2d 508 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983. *See also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred"); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

### C. Claim Asserted by the Plaintiff

The plaintiff's complaint does not state a claim under 42 U.S.C. § 1983. The facts presented by the plaintiff are insufficient because they do not establish the defendant violated a right that is secured by the Constitution or laws of the United States. Placement in segregation for medical observation does not give rise to a constitutional violation. *See Wycoff v. Nichols*, 94 F.3d 1187, 1189-90 (8th Cir. 1996) (concluding the plaintiff's case was barred by *Sandin v. Connor*, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), because he did not have a protected liberty interest in avoiding segregation); *see*

also *Ragan v. Lynch*, 113 F.3d 875, 876-77 (8th Cir. 1997) (applying *Wycoff*, 94 F.3d at 1189). Similarly, lack of exercise for approximately two weeks does not constitute an atypical and significant hardship. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (concluding loss of access to exercise for 37 days is perhaps pushing the outer limits of acceptable restriction but it does not constitute an atypical and significant hardship in the context of normal prison life). Because he failed to establish the violation of a right secured by the Constitution or laws of the United States, the plaintiff's complaint shall be dismissed. *See* 28 U.S.C. § 1915A(b)(1). *See also Denton*, 504 U.S. at 26-27; *Neitzke*, 490 U.S. at 325-27; *Cokeley*, 27 F.3d at 332.

**IT IS THEREFORE ORDERED**:

1) The plaintiff's application to proceed in forma pauperis is granted.
2) The Clerk of Court is directed to file the complaint without the prepayment of the filing fee.
3) The plaintiff is directed to submit monthly payments of 20 percent of the preceding month's income credited to his account until the $250.00 filing fee is paid.
4) The agency having custody of the plaintiff is directed to forward payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid.
5) The plaintiff's complaint is dismissed.

**DATED** this 15th day of August, 2005.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO:  **WARDEN/ADMINISTRATOR**
    **Linn County Correctional Center, Cedar Rapids, Iowa**

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Errol Edward Decker, #31732, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Decker v. Carr*, Case No. C05-0101-LRR.  The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $250.00 filing fee.  Because the plaintiff has insufficient funds in his account, the court has not assessed an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Nonetheless,

> . . . [the plaintiff] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account.  The agency having custody of the [plaintiff] shall forward payments from [his] account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2).  You must monitor the account and send payments to the Clerk of Court according to the system provided in 28 U.S.C. § 1915(b)(2).

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

/s/Mary Jehle, Deputy Clerk
on 8/15/05

———————————
Pridgen J. Watkins
U.S. District Court Clerk
Northern District of Iowa